IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20694
_____


MICHAEL J. SUTTON; JOHN WILEY MITCHELL,

Plaintiffs-Appellees,
Cross-Appellants,

versus

UNITED STATES OF AMERICA,

Defendant-Appellant,
Cross-Appellee.

_____

Appeals from the United States District Court for
the Southern District of Texas
(H-83-CV-6674)
_____

September 19, 2000

Before REAVLEY, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this Federal Torts Claims Act case that claims malicious prosecution under

Texas law, the district judge carefully considered the evidence, spelled out the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

ineptness and misconduct of the postal inspector, and attempted to bring a just closure to the dispute. However, the court was unable to find by a preponderance of the evidence that the plaintiffs were innocent of the charges made against them. Because that finding is necessary to support the judgment, it cannot stand.

From the bench and in its findings and conclusions, the court states that lack of conviction leaves plaintiffs entitled to a presumption of innocence. While that relieves them of criminal guilt, it does not prove malicious prosecution. Texas law requires a plaintiff in a malicious prosecution claim to establish innocence. *See Richey v. Brookshire Grocery Co*., 952 S.W.2d 515, 517 (Tex. 1997). Because plaintiffs failed to meet their burden of proving innocence, we reverse the judgment and render a take-nothing judgment for the United States.

JUDGMENT REVERSED AND RENDERED FOR THE UNITED STATES.